IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

WHITE PINE INSURANCE COMPANY,

    Plaintiff,

v.                                      Case No. 2:17-cv-04592

HUTCH'S WRECKER SERVICE, LLC,

    Defendant.

## WHITE PINE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, White Pine Insurance Company, by and through counsel, Macel E. Rhodes, Esquire and Zimmer Kunz, PLLC, and files this Complaint for Declaratory Judgment, requesting that the Court declare the rights and liabilities of the parties to an insurance contract, averring in support of this request the following:

### THE PARTIES

1. Plaintiff White Pine Insurance Company is a Michigan corporation with its principal place of business in the State of Michigan.

2. Defendant Hutch's Towing Service, Inc. is a West Virginia corporation with its principal place of business in Kanawha County, West Virginia.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the plaintiff and the defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court also has jurisdiction over these claims pursuant to 28 U.S.C. § 2201, the Declaratory Judgments Act.

5. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) (3), in that Defendant Hutch's is located in this judicial district, the events giving rise to the Underlying Litigation occurred in this judicial district, and this matter concerns an insurance contract that was entered into in this judicial district.

6. This is an action brought by Plaintiff White Pine Insurance Company seeking declaratory relief as to its rights and obligations under White Pine Insurance Company Policy Number WPCS001355, which it issued to Hutch's Wrecker Service LLC, with effective policy period from 12:01 a.m. on September 13, 2015 to September 13, 2016 at 12:01 a.m.

## NATURE OF THE ACTION

7. Plaintiff White Pine Insurance Company seeks a declaration that it has no duty under the White Pine Policy, (a) to defend Hutch's Wrecker Service, LLC in connection with a suit filed by A.D. Transport Express, Inc. in The Circuit Court of Fayette County, WV, or (b) to pay any amount that Hutch's Wrecker Service LLC may become obligated to pay as a result of any judgment or settlement in connection with that suit.

## FACTUAL BACKGROUND

### I. The Underlying Litigation

8. A.D. Transport Express, Inc. (sometimes referred to herein as "ADT") filed a civil suit against Hutch's Wrecker Service LLC, in The Circuit Court of Fayette County, WV, seeking damages relating to Hutch's recovery efforts of ADT's vehicle that was involved in a single-vehicle crash on September 9, 2015. The suit is docketed at Civil Action No. 17-C-270. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit A. A portion of the allegations in the First Amended Complaint are set forth generally below.

9. In the First Amended Complaint, A.D. Transport Express alleges that on

September 9, 2015, their driver, Matthew Jonas, lost control of their tractor and trailer, struck a guardrail, and continued over a hill, coming to rest about 75 yards from the roadway.

10. A. D. Transport Express alleges that during that crash, the truck rolled one time and the top of the trailer was torn open.

11. A.D. Transport Express alleges that its driver contacted ADT and the WV State Police to report the accident, and that Hutch's Wrecker Service, being duly authorized by the West Virginia Public Service Commission to conduct third-party tows from accidents, was called to recover the tractor and trailer.

12. A. D. Transport Express alleges that Hutch's did not recover either the tractor or the trailer on September 9, 2015 or September 10, 2015, and that the cargo which was valued at approximately $314,939.52, remained in the trailer unprotected from the weather.

13. A.D. Transport Express alleges that on September 11, 2015, Hutch's arrived on the scene to begin recovery of the tractor and trailer, and that as part of the recovery efforts, Hutch's rolled the tractor and trailer down the hill, causing the cargo to spill onto the hillside and causing destruction of the tractor and trailer.

14. A. D. Transport Express alleges that Hutch's did not return to the scene on either September 12, 2015 or September 13, 2015, but that on September 14, 2015, Hutch's returned and "completed its recovery of the tractor, trailer and cargo". *See* Exhibit A, ¶ 23.

15. A. D. Transport Express alleges a claim for gross negligence, asserting that its President and Hutch's co-owner had discussed that Hutch's recovery efforts would entail lifting/pulling the tractor and trailer up the hill to allow for recovery of the cargo, but that Hutch's breached its duty of care and their agreement when Hutch's chose to roll the tractor and trailer down the hill.

16. A.D. Transport Express seeks judgment from Hutch's in the Underlying Litigation "for damages for the total loss of his trailer, payment of deductibles for damages caused by [Hutch's], lost business and profits, lost goodwill of his company, aggravation and inconvenience, punitive damages, and other incurred damages". *See* Exhibit A, WHEREFORE clause.

17. While A.D. Transport Express alleges that it "suffered total loss to his tractor, trailer, and cargo", it does not seek judgment against Hutch's for damages to the tractor or the cargo. *See* Exhibit A, ¶ 28; WHEREFORE clause.

## II. The White Pine Policy

18. White Pine Insurance Company issued Policy Number WVCS001355 to Hutch's Wrecker Service LLC, with effective policy period from September 13, 2015 to September 13, 2016 at 12:01 a.m. The Policy contains coverage parts for Commercial General Liability and Commercial Auto. Pertinent provisions of the Policy are discussed, *infra*, and marked as Exhibit B.

19. With respect to Commercial General Liability coverage, Coverage A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, the White Pine Policy states in pertinent part:

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damages" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

  b.  This insurance applies to "bodily injury" and "property damages" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damages" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

20. The terms "occurrence" and "property damage" are defined in the Commercial General Liability coverage part of the White Pine Policy as follows:[1]

### SECTION V -- DEFINITIONS

 **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 **17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

---

[1] There is no bodily injury alleged in the underlying suit.

21. The White Pine Policy contains the following pertinent exclusions to the Commercial General Liability coverage part:

> **EXCLUSION – PUNITIVE DAMAGES**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> The following exclusion is added to paragraph **2. Exclusions of SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions of SECTION I – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**
>
> **PUNITIVE DAMAGES**
>
> This insurance does not apply to Punitive damages, exemplary damages, fines, penalties, treble damages or other increase in damages resulting from the multiplication of compensatory damages, in whatever form assessed. If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit". However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages.
>
> Provisions of this exclusion do not apply in any state where such exclusion is expressly prohibited by state law or insurance department regulation. All other terms and conditions of the policy remain unchanged.

22. An identical exclusion for punitive or exemplary damages is contained in the Commercial Auto coverage part of the Policy.

23. The Commercial Auto coverage part also contains a provision that White Pine has no duty to defend any insured against a suit seeking property damages to which the insurance does not apply.

24. Additionally, the Commercial Auto coverage part excludes coverage for certain property damage.

> **SECTION II – LIABILITY COVERAGE**
>
> **B. Exclusions**

This insurance does not apply to any of the following:

**6.**     **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

## COUNT I – DECLARATORY RELIEF

25.     The allegations contained in paragraphs 1 through 24 of this Complaint for Declaratory Judgment are incorporated herein by reference as if set forth verbatim.

26.     Based upon a review of the First Amended Complaint in the Underlying Litigation, A.D. Transport Express seeks damages for loss to the trailer, payment of deductibles for damages caused by Hutch's, lost business and profits, lost goodwill, aggravation and inconvenience, punitive damages, and other incurred damages as resulted from Hutch's recovery efforts subsequent to the motor vehicle crash that occurred on September 9, 2015.

27.     While ADT asserts in the First Amended Complaint that Hutch's completed its recovery of the tractor, trailer and cargo on September 14, 2015, by its earlier allegations in that same document, ADT alleges that the trailer was damaged in the initial crash on September 9, 2015, and that both the tractor and trailer were subsequently destroyed as the result of Hutch's rolling them down the hill during recovery efforts on September 11, 2015. Hutch's actions of September 11, 2015, predate inception of the White Pine Policy on September 13, 2015.

28.     ADT's asserts that the cargo was unprotected from weather elements on September 9 and 10, 2015, and that the cargo was thereafter spilled onto the hillside by Hutch's during its

recovery efforts on September 11, 2015. These occurrences predate inception of the White Pine Policy on September 13, 2015.

29. ADT does not allege that property damage was caused by an occurrence that took place on or after September 13, 2015; only that recovery efforts continued on September 14, 2015.

30. The Policy is inapplicable to occurrences taking place outside the policy period of September 13, 2015 to September 13, 2016. Therefore, White Pine Insurance Company has no duty to defend or indemnify Hutch's Wrecker Service in connection with the Underlying Litigation inasmuch as the asserted property damage allegedly caused by Hutch's occurred prior to inception of the White Pine Policy.

31. While ADT alleges that Hutch's breach caused it to suffer a loss of cargo, it does not seek judgment for damages to the cargo in the Underlying Litigation; however, coverage for any such claim would be excluded under the White Pine Policy.

32. A.D. Transport Express seeks punitive damages in the Underlying Litigation. The punitive damages exclusions in the White Pine Policy would bar coverage for punitive damages.

33. There exists an actual controversy between White Pine Insurance Company and Hutch's Wrecker Service LLC, within the jurisdiction of this Court and involving rights and liabilities under the White Pine Policy of insurance, which controversy may be determined by judgment of this Court, without other litigation.

WHEREFORE, Plaintiff White Pine Insurance Company respectfully request that this Court enter:

(a) An Order declaring that Plaintiff White Pine Insurance Company has no duty to defend Hutch's Wrecker Service LLC in connection with the Underlying Litigation.

(b)     An Order declaring that Plaintiff White Pine Insurance Company is not obligated to indemnify and/or pay any judgment entered against Hutch's Wrecker Service LLC in connection with the Underlying Litigation.

(c)     An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint for Declaratory Judgment.

**WHITE PINE INSURANCE COMPANY**

By */s/ Macel E. Rhodes*

Macel E. Rhodes, WVSB #6126
ZIMMER KUNZ, PLLC
1280 Suncrest Towne Centre
Morgantown, WV 26505
Phone (304) 292-8531
Fax (304) 292-7529
Email: rhodes@zklaw.com

Date: December 20, 2017